# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2504

_____

Dennis Yates,　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant,　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　*　　District Court for the Western
　　　　　　　　　　　　　　　　　　　*　　District of Missouri.
Michael J. Astrue, Commissioner　　　*
of Social Security,　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee.　　　　　　　　*

_____

Submitted: October 13, 2009
Filed: October 15, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dennis Yates appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied his application for disability insurance benefits and supplemental security income. Yates alleged he became disabled on February 25, 2002, after falling off a box car at work. After a hearing, an administrative law judge (ALJ) determined that Yates's impairments of degenerative disc disease of the lumbar spine, shoulder pain with history of rotator cuff repair, and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

COPD, were severe but did not equal a listed impairment, either singly or in combination; his allegations regarding the degree of his pain and limitations were not fully credible; he had the residual functional capacity (RFC) to perform light work with some additional limitations; and he could perform his past relevant work (PRW) as car salesman and service writer. We reject Yates's arguments for reversal as follows.

Yates argues that the ALJ disregarded the opinion of his treating physician, Dr. Eric Sollars, and instead credited the RFC assessment of Dr. David W. Cathcart, a consulting physician who examined him one time. We hold that the record supports the ALJ's decision to credit Dr. Cathcart's RFC assessment, as he conducted a thorough physical examination and considered the objective medical evidence in the record, while Dr. Sollars's notes do not indicate extensive physical examinations, and his extreme limitations are not supported by the record. See Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007) (ALJ may credit other medical evaluations over that of treating physician when other assessment is supported by better or more thorough medical evidence, or where treating physician renders inconsistent opinions that undermine credibility of such opinions). In addition, while Yates argues that the ALJ failed to consider the functional demands of his PRW as he performed it and compare it to his RFC, the ALJ elicited testimony from the vocational expert that, given the RFC the ALJ found supported by the record, Yates could perform his PRW. See 20 C.F.R. § 404.1560(b)(2) (VE may offer evidence concerning demands of claimant's PRW, either as claimant actually performed it or as generally performed in national economy); Wagner, 499 F.3d at 853-54 (ALJ may properly elicit testimony from VE in evaluating claimant's capacity to perform PRW, and may look at functional demands as required by employers in national economy).

Accordingly, the judgment is affirmed.

_____